ELIZA A. HARRISON, ET AL., *v.* ADA A. HARRISON, ET AL.

**Beneficiary of Life Insurance.**

> One holding a certificate or policy by which the company, upon condition of certain payments, stipulate to pay his daughter certain sums of money at his death, may by will legally require said sums of money to be divided between his two daughters. His will is held to be an assignment pro tanto.

APPEAL FROM MEADE CIRCUIT COURT.

November 18, 1879.

OPINION BY JUDGE COFER:

Wornal P. Harrison held two certificates of membership in the "Masonic Mutual Benefit Society, of Indiana," by which the society undertook, upon condition he should pay certain premiums therein stipulated, to pay certain sums to "Ada A. Harrison, daughter, or the legal representative of said Wornal P. Harrison, within thirty days after due notice and satisfactory evidence of the death of said Wornal P. Harrison, and proof of interest, if assigned or held as security."

At the time of taking out the certificates Ada A. was the only child of the assured. Afterward, another child was born to him, and before his death he made and published a last will and testament whereby he bequeathed the proceeds of the policy to be equally divided between his wife and two children, and the only ques-

tion in the case is whether he had power thus to dispose of the fund.

These certificates were merely evidences of an intended gratuity to Ada, and he had a right to reserve to himself such power over them or their proceeds as he chose, and the provision for proof of interest in case the certificates should be assigned shows that it was understood between him and the society that he might assign or pledge them, and that the assignee or pledgee should be entitled to the fund to the extent of his interest. Whatever interest Ada had in them was taken and held subject to this power in her father to pledge or assign the certificates, and his will should be treated as an assignment pro tanto.

Wherefore the judgment is reversed, and the cause is remanded with directions to render judgment dividing the fund as directed by the will.

The costs in this court, and in the court below, should be paid out of the fund before division is made.

*Lewis & Fairleigh, for appellants.*
*William Alexander, for appellees.*